COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JUANITA A. WHITTAKER

                                         MEMORANDUM OPINION[*]
v.    Record No. 1650-98-3                  PER CURIAM
                                         DECEMBER 15, 1998
ROANOKE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                  Diane McQ. Strickland, Judge

          (Joseph F. Vannoy, on brief), for appellant.
           Appellant submitting on brief.

          (Joseph B. Obenshain, Senior Assistant County
          Attorney, on brief), for appellee.  Appellee
          submitting on brief.


     Juanita A. Whittaker (mother) appeals the decision of the

circuit court terminating her parental rights to her daughter.

Mother contends that the trial court erred by (1) finding that

Roanoke County Department of Social Services (DSS) presented

clear and convincing evidence sufficient to support terminating

her parental rights; and (2) finding that it was in the child's

best interests for mother's parental rights to be terminated.  We

conclude that this appeal is without merit.  Accordingly, we

affirm the decision of the trial court.

                    Sufficiency of the Evidence

     "When addressing matters concerning a child, including the

termination of a parent's residual parental rights, the paramount

     [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

consideration of a trial court is the child's best interests."

Logan v. Fairfax County Dep't of Human Development, 13 Va. App.

123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." The trial court's judgment, "when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Id. (citations omitted). "Code § 16.1-283 embodies 'the

statutory scheme for the . . . termination of residual parental

rights in this Commonwealth' [which] . . . 'provides detailed

procedures designed to protect the rights of the parents and

their child,' balancing their interests while seeking to preserve

the family." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d

538, 540 (1995) (citations omitted).

Code § 16.1-283(B) provides that the residual parental

rights of a parent of a child found by the court to be neglected

or abused may be terminated if the court finds that it is in the

child's best interests, that the neglect or abuse presents a

serious and substantial threat to the child's life, health or

development, and that it is not reasonably likely that the

conditions resulting in the neglect or abuse can be substantially

corrected or eliminated to allow the child's safe return within a

reasonable period of time. See Code § 16.1-283(B)(1) and (2).

Proof that the parent, without good cause, failed to respond to

or follow through with "appropriate, available and reasonable

rehabilitative efforts on the part of social . . . or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse" is prima facie evidence that the underlying conditions cannot be substantially corrected or eliminated. Code § 16.1-283(B)(2)(c).

The trial court found that the child was emotionally abused and neglected by her parents and placed in foster care by court commitment. The evidence proved that the child, who was ten years old at the time of the hearing, suffered serious neglect and emotional abuse at the hands of her parents. She was placed in foster care three separate occasions between 1994 and 1997. The 1997 placement followed an incident of domestic violence which occurred while mother was intoxicated. The child was diagnosed as suffering from severe depression and post-traumatic stress disorder. She repeatedly engaged in self-destructive acts and expressed thoughts of suicide. She also displayed threatening and sexually inappropriate behaviors in her foster homes. While the evidence suggested that the child had suffered sexual abuse while in the parents' custody, the trial court found insufficient evidence to prove that the parents were the perpetrators of the sexual abuse. The child's severe emotional problems and resulting behavior made it necessary to place her in a residential treatment facility. Her prognosis was described as highly guarded.

The trial court also found that DSS provided significant

services to the parents. Those services included parenting skill classes, family and individual counseling, anger management classes, alcohol abuse treatment, and offers of assistance with employment. The family had a history of domestic violence and alcohol abuse. Mother declined specific offers of in-home services and treatment for the child at a time when medical professionals indicated it was necessary to provide those services as soon as possible. Mother also declined alcohol abuse treatment.

The record fully supports the trial court's finding that DSS proved by clear and convincing evidence that the neglect and emotional abuse suffered by the child presented a serious and substantial threat to her life, health and development and that it was not reasonably likely that the conditions which resulted in the neglect and abuse could be substantially corrected or eliminated so as to allow the child's safe return to mother within a reasonable period of time.

<u>Best Interests of the Child</u>

Mother contends that, because the child's likelihood of adoption is poor, DSS failed to prove that termination of mother's parental rights was in the child's best interests. We disagree. The trial court noted that the medical evidence indicated that the child's mental and emotional health would deteriorate if she saw her biological parents again. The trial court found that the child's best interests required the finality

of termination.  Substantial, credible evidence supports the trial court's conclusion that it was in the child's best interests to terminate mother's parental rights.

Mother also raises an issue concerning the trial court's consideration of the recommendation of the guardian ad litem.  We note that the Court Appointed Special Advocate who had worked with the child since March 1995 recommended termination of the parents' parental rights.  The substitute guardian ad litem, appointed in January 1998, never met with the child following his appointment, and admitted that he had "no pat answer."  The trial court indicated it considered the concerns expressed by the guardian ad litem.  We find no error in the trial court's weighing of the guardian ad litem's recommendation.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.